NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**RONALD F. BOUSQUET,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7017

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-1279, Chief Judge Bruce E. Kasold.

---

Decided: May 19, 2011

---

DARRYL F. SMITH, Sutherland Asbill & Brennan, LLP, of Atlanta, Georgia, argued for the claimant-appellant. With him on the brief was THOMAS W. CURVIN.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for the respondent-

appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

———————————

Before BRYSON, SCHALL, and PROST, *Circuit Judges*.

PER CURIAM.

Ronald F. Bousquet appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") upholding a decision of the Board of Veterans' Appeals that denied Mr. Bousquet's request for a waiver of recovery of home-loan guaranty indebtedness to the Department of Veterans Affairs ("DVA"). The DVA had guaranteed a home loan for Mr. Bousquet. He defaulted on the loan, leaving the DVA with an obligation to the lender. In cases in which the DVA attempts to recover its loss from the veteran, the veteran is entitled by statute to seek a waiver of the obligation to repay the loss. 38 U.S.C. § 5302(b). Mr. Bousquet sought such a waiver. After evidentiary proceedings before a DVA regional office, the Board of Veterans' Appeals held that Mr. Bousquet was not entitled to a waiver under 38 C.F.R. § 1.965(b)(2) because he had acted in bad faith in creating the indebtedness in question. On Mr. Bousquet's appeal, the Veterans Court affirmed, holding that the evidence was sufficient to support the Board's findings and that the Board did not shift the burden of proof on the issue of bad faith. Mr. Bousquet now appeals to this court, arguing that the Board improperly shifted the burden of proof to him to disprove bad faith.

This court's jurisdiction to review decisions of the Veterans Court is limited to "the validity of the decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determina-

tion as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). The question whether the agency or the veteran bears the burden of proof in a waiver proceeding with respect to the issue of bad faith is an issue of law, but that question of law was well settled before this case and was not at issue here. *Reyes v. Nicholson*, 21 Vet. App. 370, 377 (2007). The Veterans Court did not rely on an interpretation of that rule of law in making its decision other than applying the settled principle that the burden of proof on the issue of bad faith rests on the agency and concluding that the Board's decision was consistent with that principle. Mr. Bousquet's argument comes down to asserting that the Board misapplied that principle because of the way it assessed the evidence. That is in essence a challenge to the sufficiency of the evidence, or at most a challenge to the manner in which the Board conducted its review of the evidence, neither of which is within the jurisdiction of this court to review. We therefore dismiss this appeal for lack of jurisdiction.

No costs.

**DISMISSED**